**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **VALDON VALENTINE** | * | **CIVIL ACTION NO. 6:15-2905** |
| **VERSUS** | * | **JUDGE REBECCA F. DOHERTY** |
| **L & L SANDBLASTING, INC. CORPORATION** | * | **MAGISTRATE JUDGE WHITEHURST** |

**RULING**

Pending before me is the Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by defendants, L&L Sandblasting, Inc. ("L&L) and The American Equity Underwriters, Inc. ("AEU"), on February 1, 2016 [rec. doc. 5]. Plaintiff, Valdon Valentine ("Valentine"), filed opposition on February 22, 2016. [rec. doc. 9]. Defendants filed a reply on March 24, 2016. [rec. doc. 17]. Oral argument was held on April 20, 2016, after which I took the motion under advisement.

On May 9, 2016, I issued a Report and Recommendation, in which I recommended that the motion be granted as to Valentine's direct action claim against AEU, and denied as to Valentine's Jones Act claim against L&L and AEU. [rec. doc. 19]. By separate Order, I allowed plaintiff to amend his complaint to clarify his claim to Jones Act status without prejudice to defendant's right to reurge its Motion to Dismiss after plaintiff amended. [rec. doc. 20]. I further reserved making a recommendation on the Motion to Dismiss plaintiff's Jones Act claim until after defendants had the opportunity to file a

supplemental motion, if necessary. [rec. doc. 19]. On June 3, 2016, L&L and AEU filed a Supplemental Memorandum in Support of Motion to Dismiss. [rec. doc. 24].

For the following reasons, I recommend that the motion to dismiss, as supplemented, be **DENIED** as to Valentine's Jones Act claim.

## I. Background

Valentine filed this Complaint under the Jones Act, asserting that he was injured while working as a sandblaster for L&L, which provided services for the energy industry in the Gulf of Mexico. [Complaint, ¶¶ 1, 3].

In the First Supplemental and Amending Complaint, Valentine alleges that L&L recruited him as a sandblaster and painter to work as a seaman aboard a fleet of vessels which were leased or chartered by L&L for sandblasting purposes. [Amended Complaint, ¶ 2]. He states that he directly contributed to the mission of the vessels, as the vessels were chartered primarily for sandblasting and painting purposes.

L&L represents in its mission statement that it provides both onshore and offshore sandblasting services. [Amended Complaint, ¶ 3]. Both its advertisements and mission statement indicate that L&L actively pursues clients offshore for the purpose of sandblasting operations. Additionally, L&L provides, among other things, boats which serve as staging platforms for purposes of these sandblasting operations.

Valentine alleges that he served 70% of his temporal position as a sandblaster and seaman aboard a vessel serving as a sandblasting staging area. [Amended Complaint, ¶ 3]. He states that due to the winter's unsuitable weather conditions and the consequent


perils of the sea, L&L recruited him to work primarily between the months of March and November.

On October 24, 2014, Valentine was allegedly injured when an 8-ton unit sand hopper owned by L&L exploded while he was working on the top of a fixed platform owned by Arena Oil & Gas ("Arena"). [Complaint, ¶ 8]. Valentine states that during the season of work in 2014, he had spent more than 70% of his time performing his duties as a seaman aboard the chartered vessel. [Amended Complaint, ¶ 5]. However, towards the end of his season, and after a voyage was completed, he was temporarily allowed to perform work activities aboard Arena's fixed platform in the Gulf of Mexico to complete the season. He indicates that during this time, he was using the same equipment that would have been used aboard the vessels on which he normally worked.

In the Motion to Dismiss [rec. doc. 5] and the Supplemental Memorandum [rec. doc. 24], L&L and AEU argue that Valentine is not entitled to seaman status because: (1) he was employed as a sandblaster, and therefore exclusively covered by the Longshore and Harbor Workers' Compensation Act, and (2) Valentine lacks the necessary connection to a vessel or fleet of vessels.

## II. Analysis

Valentine claims that he is a Jones Act seaman, while defendants argue that he is actually a longshoreman. It is well-settled that the Jones Act and the LHWCA are "mutually exclusive compensation regimes." *Becker v. Tidewater*, 335 F.3d 376, 386 (5th Cir. 2009); *Harbor Tug and Barge Co. v. Papai*, 520 U.S. 548, 553, 117 S.Ct. 1535, 137

L.Ed.2d 800 (1997); *see also Chandris*, *Inc. v. Latsis*, 515 U.S. 347, 359, 115 S.Ct. 2172, 2185 (1995) (*citing McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 347, 111 S.Ct. 807, 813, 112 L.Ed.2d 866 (1991)) ("[w]ith the passage of the LHWCA, Congress established a clear distinction between land-based and sea-based maritime workers. The latter, who owe their allegiance to a vessel and not solely to a land-based employer, are seamen.").

To maintain a cause of action under the Jones Act, the plaintiff must be a seaman. Land-based workers are not seamen. *Alexander v. Express Energy Services Operation, L.P.*, 784 F.3d 1032, 1033 (5th Cir. 2015) (*citing Hufnagel v. Omega Service Industries, Inc*., 182 F.3d 340, 346 (5th Cir. 1999)). The key to seaman status is employment-related connection to a vessel in navigation. *Chandris*, 515 U.S. at 357, 115 S.Ct. at 2184 (*citing Wilander*, 498 U.S. at 355, 111 S.Ct. at 817). Although "[i]t is not necessary that a seaman aid in navigation or contribute to the transportation of the vessel, . . . a seaman must be doing the ship's work." *Id*. (*citing Wilander*, 498 U.S. at 354, 111 S.Ct. at 817). The requirement that an employee's duties must 'contribut[e] to the function of the vessel or to the accomplishment of its mission' captures well an important requirement of seaman status." *Wilander,* 498 U.S. at 355, 111 S.Ct. at 817.

An injured person claiming the benefits of the Jones Act . . . has the burden of establishing seaman status." *Becker*, 335 F.3d at 389 n. 8 (*citing Barrett v. Chevron, U.S.A., Inc*., 752 F.2d 129, 132 (5th Cir. 1985)). To determine if an individual worker is a seaman, and therefore entitled to the protections of the Jones Act, he must prove that: (1) his duties contribute to the function of the vessel or to the accomplishment of its

mission, and (2) the worker must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of *both its duration and its nature* (the "substantial-connection" prong). (emphasis added). *Alexander*, 784 F.3d at 1034 (*citing Chandris*, 515 U.S. at 368, 115 S.Ct. at 2190).

In considering a motion to dismiss, the Court accepts “all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.” *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007) (*quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Here, Valentine alleges that L&L recruited him as a sandblaster and painter to work as a seaman aboard a fleet of vessels which were leased or chartered by L&L for sandblasting purposes. He states that he directly contributed to the mission of the vessels, as the vessels were chartered primarily for sandblasting and painting purposes. Additionally, he asserts that he served 70% of his temporal position as a sandblaster and seaman aboard a vessel serving as a sandblasting staging area. He further indicates that during the time that he was temporarily assigned to the fixed platform on which he was injured, he was using the same equipment that would have been used aboard the vessels on which he normally worked.

Defendants first argue that the exclusive remedy for sandblasters is under the LHWCA, not the Jones Act. However, sandblasters have been found to be seaman under certain circumstances. *See Scarborough v. Clemco Industries*, 264 F.Supp.2d 437 (E.D. La. 2003) (upholding jury’s finding of seaman status as to sandblaster); *Wilander*, *supra*

(finding that paint foreman who performed a substantial part of work directing sandblasting and painting affixed platforms from paint boat was not precluded from having seaman status under Jones Act merely because he did not perform transportation-related functions on board boat). The inquiry into seaman status is of necessity fact specific; it will depend on the nature of the vessel and the employee's precise relation to it. *Wilander*, 498 U.S. at 356, 111 S.Ct. at 818 (*citing Desper v. Starved Rock Ferry Co.*, 342 U.S. 187, 190, 72 S.Ct. 216, 218, 96 L.Ed. 205 (1952) ("The many cases turning upon the question whether an individual was a 'seaman' demonstrate that the matter depends largely on the facts of the particular case and the activity in which he was engaged at the time of injury".)). Based on the facts pleaded in the amended complaint, the undersigned cannot definitively find that Valentine's work as a sandblaster precludes him from seaman status.

Defendants' second argument is that Valentine lacks the necessary connection to a vessel or fleet of vessels required for seaman status. In the amended complaint, Valentine alleges that he worked as a sandblaster and painter aboard a fleet of vessels which were leased or chartered by L&L, and that he directly contributed to the mission of the vessels, which were chartered primarily for sandblasting purposes. Additionally, he alleges that he served 70% of his temporal position as a sandblaster and seaman aboard a vessel, and that during the time that he was temporarily assigned to the fixed platform, he was using the same equipment that would have been used aboard the vessels on which he normally

worked. At this stage of the proceedings, the undersigned finds that Valentine's amended complaint sufficiently states a connection to a vessel or fleet of vessels for Jones Act purposes.

Accordingly, defendants' Motion to Dismiss Plaintiff's Jones Act claim is **DENIED**.

## III. Conclusion

Based on the foregoing reasons, the motion to dismiss [rec. doc. 5] is **DENIED** as to Valentine's Jones Act claim against L&L and AEU.

Signed this 1st day of July, 2016, at Lafayette, Louisiana.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**